# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM CONTRERAS, | Case No. 1:20-cv-00366-SKO |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| CAROLINE MOTE, et al., | (Doc. 4) |
| Defendants. | |

## I. INTRODUCTION

On April 30, 2020, Defendants Caroline Mote, Richard Murdock, Brian Whitemeyer, and City of Oakdale filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4.) After Defendants filed the motion to dismiss, the parties consented to the jurisdiction of a U.S. magistrate judge for all purposes. (Docs. 13, 14.)

On May 18, 2020, Plaintiff, proceeding pro se, filed an opposition to the motion, (Doc. 16), and on May 27, 2020, Defendants filed a reply brief, (Doc. 17). The undersigned reviewed the briefs and found the matter suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing set for June 3, 2020, which was previously vacated by the assigned district judge prior to the parties' consent to magistrate judge jurisdiction, was therefore not re-set.

For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss with leave to amend.

## II.  BACKGROUND

Plaintiff filed the complaint in this case on March 10, 2020.  (Doc. 1.)  The complaint states that on October 3, 2019, Plaintiff spoke with an employee of the City of Oakdale to explain that he was going to construct a courtyard wall and prayer garden in his front yard, and the employee said Plaintiff could "do what [he] want[s]."  (*Id.* ¶ 1.)  After Plaintiff began construction on the wall, Defendant Carolyn Mote, an Oakdale police officer, "contacted and notified" Plaintiff that the wall did not comply with the Oakdale city code.  (*Id.* ¶ 2.)  Defendant Mote allegedly recorded "deliberately inaccurate" measurements of the wall and followed up with an administrative citation, "threats of criminal prosecution, progressive fines, liens, and abatements."  (*Id.* ¶ 3.)  The administrative citation allegedly required that Plaintiff pay the fine and then request a hearing.  (*Id.* ¶ 4.)

On December 17, 2019, Defendant Richard Murdock, "pro tem Mayor" of Oakdale, entered Plaintiff's retail business and confronted Plaintiff and his wife, Lori Contreras, "in an intimidating manner, by openly interrogating, accusing, and slandering Plaintiff in front of customers."  (*Id.* ¶ 6.)  Defendant Brian Whitemeyer, "City Planner," also made a personal visit to Plaintiff's home at some point, and "used intimidation of speech and tone, claiming there would be no path to win against [Defendant City of Oakdale] in court."  (*Id.* ¶ 39.)

Based on these facts, Plaintiff brings the following claims: (1) deprivation of Fifth Amendment rights against Defendant City of Oakdale, for requiring Plaintiff to pay a fine before he could request a hearing to challenge the administrative citation; (2) violation of Fifth Amendment due process rights against Defendant Mote for falsifying information in the administrative citation and "issuing the unconstitutional Citation"; (3) intentional infliction of emotional distress against Defendant Murdock for entering Plaintiff's retail business and intimidating him; (4) violation of the Hobbs Act against Defendant City of Oakdale for applying an administrative citation "created by improper guidance documents . . . by extorting money by

2

paying the fine of violation previously to obtain the right of a hearing concerning those violations which equates to extortion"; (5) slander against Defendant Murdock for "slander[ing]" Plaintiff in his retail business; (6) trespass to chattels against Defendants Mote and City of Oakdale for sending "threats of criminal prosecution, further fines, and liens" which "halted, deterred, suppressed the use of PLAINTIFF'S property to finish and enjoy his own front yard"; (7) deliberate indifference against Defendants Mote and Murdock for "conscientiously depriving due process protections and intimidating" Plaintiff; and (8) "common law claim" against Defendants City of Oakdale, Mote, and Murdock for "willfully violat[ing] the 5th amendment of the constitution" and violating Plaintiff's "Right of Life, Liberty and Property." (*Id.* ¶¶ 43–51.)

Plaintiff requests the following relief: damages against Defendant of Oakdale in the amount of $500,000, Defendant Mote in the amount of $250,000, and Defendant Murdock in the amount of $150,000; declaratory relief in the form of a "court order to change Administrative Citation to allow due process to occur" and "[i]ssue a public apology in the Oakdale Newspaper." (*Id.* at 11.)

Defendants filed their motion to dismiss the complaint in its entirety on April 30, 2020. (Doc. 4.) Defendants contend that: (1) the claims under the Fifth Amendment should be dismissed because the Fifth Amendment only applies to conduct by the federal government; (2) the Fifth Amendment claim against City of Oakdale should also be dismissed because it fails to plead a cognizable theory of municipal liability; (3) the claim for violation of the Hobbs Act should be dismissed because there is no private right of action under the Hobbs Act; (4) the tort claims for intentional infliction of emotional distress (IIED), slander, trespass to chattels, deliberate indifference, and "common law claim," should be dismissed for various reasons; and (5) claims against Defendant Whitemeyer should be dismissed because the complaint is devoid of factual allegations regarding his involvement in Plaintiff's alleged injury. (Doc. 5 at 5–11.)

### III.   MOTION TO DISMISS STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim,

and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Courts may not supply essential elements not initially pleaded, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim,'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Further,

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." . . . Rule 8(a) "*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

4

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (internal citations omitted) (emphases in original).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### IV.   DISCUSSION

**A.   The Parties' Requests for Judicial Notice**

As an initial matter, both parties request that the Court take judicial notice of certain documents. (*See* Doc. 6; Doc. 16 at 7.) In general, "a district court may not consider any material beyond the pleadings, in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"A document is incorporated by reference if it is 'a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Thompson v. Wells Fargo Bank, N.A.*, No. 1:17-CV-1200 AWI SKO, 2018 WL 1453212, at *2 (E.D. Cal. Mar. 23, 2018) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1988)). Under Rule 201 of the Federal Rules of Evidence, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice of its own records and the records of other courts. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004); *United*

*States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also* Fed R. Evid. 201.

Defendants request the Court take judicial notice of the complaint and the exhibits attached thereto, (*see* Doc. 6), which include: two affidavits from Plaintiff; a "Compliance Order" dated November 12, 2019 advising Plaintiff that his fence was in violation of the Oakdale city code; an administrative citation dated November 25, 2019; a "Cease and Desist" letter sent by Plaintiff to Defendant Mote; and a second copy of the administrative citation. (*See* Doc. 1.) Plaintiff does not oppose this request, and these documents consist of "documents attached to the complaint [and] documents incorporated by reference in the complaint," of which the Court may take judicial notice. *See Ritchie*, 342 F.3d at 908; *Howard*, 381 F.3d at 876 n.1. Accordingly, the Court grants Defendants' request for judicial notice.

Plaintiff requests the Court take judicial notice of multiple letters sent by Plaintiff and other potential witnesses in March and April 2020, (Doc. 16 at 9–19, 28–31), the "Cease and Desist" letter already attached to the complaint, (*id.* at 21–23), and an unsigned declaration purportedly completed by Defendant Mote in a separate case in the Superior Court of Stanislaus County related to Plaintiff's property, (*id.* at 25–26). Plaintiff's request for judicial notice of the "Cease and Desist" letter attached to the complaint, (Doc. 1 at 27–29), is granted for the same reasons that Defendants' request for judicial notice of this document is granted. Plaintiff's other requests for judicial notice are denied.[1] The letters Plaintiff attached to his opposition are not properly judicially noticed at this stage because they are not incorporated by reference in the complaint, *Thompson*, 2018 WL 1453212, at * 2, and the declaration is unsigned and its authenticity is questioned by Defendants, (Doc. 18 at 3).

---

[1] In his request for judicial notice, Plaintiff also states that he "meets the 2 elements of this suit: 1. Did actors violate guaranteed rights? Yes. 2. Did actors act under color of law? Yes." (Doc. 16 at 7.) To the extent this is a request for judicial notice of the recited statements, the request is denied. The statements are legal conclusions, not facts, and they are subject to reasonable dispute and may not be judicially noticed. *See* Fed. R. Evid. 201(b).

6

**B.      Plaintiff Fails to State any Cognizable Section 1983 Claim (Claims 1, 2, 7, and 8)**

    **1.      Legal Standards**

          **a.      Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted)).  It states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

          **b.      Due Process Violations**

The due process clause of the Fifth Amendment applies only to federal government actors, not to state or local government actors. *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981); *Lee v. City of L.A.*, 250 F.3d 668, 687 (9th Cir. 2001).  The due process clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.  The procedural due process component protects

individuals against the deprivation of liberty or property without constitutionally sufficient process by the government, while substantive due process protects individuals from the arbitrary deprivation of a fundamental right by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). A section 1983 claim for violation of procedural due process requires showing: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman*, 995 F.2d at 904. A section 1983 claim for violation of substantive due process requires showing an arbitrary deprivation of a fundamental right. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).

**2.     Analysis**

As stated above, Plaintiff alleges four claims for violation of his due process rights: (1) a claim for "deprivation of rights" alleging that Defendant City of Oakdale denied him due process under the Fifth Amendment by requiring Plaintiff "to pay fine before a hearing could adjudicate facts on the Administrative Citation" ("Claim One"); (2) a claim for "due process" alleging that Defendant Mote violated his Fifth Amendment rights by "willfully and knowingly falsif[ying] information on the Administrative Citation" ("Claim Two"); (3) a claim for "deliberate indifference" alleging that Defendants Mote and Murdock "conscientiously depriv[ed] due process protections . . . through misuse of process and selective enforcement" ("Claim Seven"); and (4) a "common law claim" alleging that Defendants City of Oakdale, Mote, and Murdock "willfully violate[d] the 5th amendment of the constitution—specifically, The Right of Life, Liberty and Property" ("Claim Eight"). (Doc. 1 ¶¶ 43–45, 50–51.)

The Ninth Circuit has directed district courts to liberally construe pro se pleadings; this direction applies with greater force when the pro se pleading is a complaint alleging civil rights violations. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Eldridge v. Block*,


832 F.2d 1132, 1137 (9th Cir. 1987). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330 n.9. (1989), and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey*, 673 F.2d at 268).

Each of Plaintiff's due process claims are brought under the Fifth Amendment, and the due process clause of the Fifth Amendment applies only to federal government actors, not to the Defendants who are state actors. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Plaintiff's claims also fail to specify whether they are alleging procedural due process violations, substantive due process violations, or both. Thus, Plaintiff's due process claims must be dismissed. However, due to Plaintiff's pro se status, the Court will provide Plaintiff some guidance regarding his purported due process claims.

In any amended complaint, when pleading procedural due process violations, Plaintiff must plead sufficient facts to demonstrate he was not afforded the bedrock due process rights of notice and an opportunity to be heard, which he does not do in the current complaint except in conclusory terms. *See Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and an opportunity to be heard."). Here, Plaintiff pleads that Defendants City of Oakdale and Mote notified Plaintiff on November 12, 2019, that his fence was in violation of the city municipal code, and "continued with threatening letters" until December 12, 2019, when "Council" sent Plaintiff an administrative citation. (Doc. 1 ¶¶ 23–29.) Plaintiff appears to allege the due process violation occurred when the administrative citation required him to pay the $100 fine before requesting a hearing. (*Id.* ¶ 30.) Plaintiff, however, cites no case authority stating that requiring a fine to be paid before the hearing constitutes a due process violation, and based on the facts as currently pled, Plaintiff appears to have been given both notice and an opportunity to be heard regarding the alleged violation. *See Kirk*, 927 F.2d at 1107. If Plaintiff is pleading

9

substantive due process violations, he must plead sufficient facts to show that he was deprived of a fundamental right—which he also has not done in the current complaint. *See Nunez*, 147 F.3d at 871.

Further, as to Plaintiff's due process claims against Defendant City of Oakdale, under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978), a municipality cannot be held liable under Section 1983 simply because it employs an individual who engaged in unconstitutional conduct. Instead, Plaintiff must show that Defendant City of Oakdale either "had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation," *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992), or that, generally, "the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy," *Ortez v. Washington Cty., State of Or.*, 88 F.3d 804, 811 (9th Cir. 1996). Plaintiff has not sufficiently done so and must plead additional facts to show that Defendant City of Oakdale had an official policy or custom that generated the constitutional violations he alleges.[2]

Because these deficiencies may be cured by amendment, however, and due to Plaintiff's pro se status, Plaintiff will be granted leave to amend his constitutional due process claims. In any amended complaint, Plaintiff must plead additional facts to show he was deprived of due process protections, and must specify how each defendant contributed to the deprivations and identify any policy or custom of Defendant City of Oakdale that is the basis of his claim.

---

[2] Although Plaintiff pleads the existence of an administrative citation that is involved in his alleged harm and attaches various citations that cite multiple different sections of the City of Oakdale municipal code, (*see, e.g.,* Doc. 1 at 25, 33), he must specifically plead that Defendants' actions allegedly depriving his Fifth Amendment due process rights were carried out as part of an official governmental policy, and the nature of the official governmental policy. *See Ortez*, 88 F.3d at 811. If Plaintiff is alleging that a certain city ordinance, or combination of different ordinances, itself is the only official policy or custom at issue, he must make that clear and specifically plead that the ordinance(s) is the basis of his *Monell* claim. For example, as the complaint is currently drafted, it is unclear whether Plaintiff is pleading that any city ordinance itself is the "custom or policy" of which he complains, whether Plaintiff is alleging that Defendant City of Oakdale has an official "custom or policy" of enforcing certain city code sections in an unconstitutional manner, whether Defendant City of Oakdale has a "custom or policy" of failing to train their employees to competently enforce city code sections related to the construction of fences and other appurtenances in front yard, or whether the combination of customs and policies is an issue.

**C.   Plaintiff Fails to State a Claim for IIED, Slander, or Trespass to Chattels**

   **1.   Plaintiff Fails to Plead Compliance with the California Government Claims Act**

Plaintiff alleges claims for IIED, slander, and trespass to chattels in addition to his federal constitutional claims.  (Doc. 1 ¶¶ 46, 48–49.)  However, Plaintiff has failed to allege necessary compliance with the California Government Claims Act ("CGCA").

Under the CGCA, set forth in California Government Code sections 810 et seq., a plaintiff may not bring suit for monetary damages against a public employee or entity unless the plaintiff first presented the tort claim to the California Victim Compensation and Government Claims Board (the "Board"), and the Board acted on the claim, or the time for doing so expired.  "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity."  *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and to "confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013).  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."  *Id.* at 1239.

Federal courts likewise must require compliance with the CGCA for pendent state law claims that seek damages against state public employees or entities.  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.

1995).  State tort claims included in a federal action filed pursuant to Section 1983 may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement.  *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Plaintiff fails to allege facts to demonstrate his compliance with the CGCA, so as to be allowed to pursue claims for slander, IIED, or trespass to chattels against Defendants.  Plaintiff's claims will be dismissed without prejudice, except as set forth below, as Plaintiff may be able to plead compliance with the CGCA.  Plaintiff is also advised that, pursuant to 28 U.S.C. § 1367(a), the Court will only exercise supplemental jurisdiction over his state law claims if he is able to sufficiently plead his claims under the federal constitution in any amended complaint.  Due to Plaintiff's pro se status, the Court provides Plaintiff with the legal standards that his claims in any amended complaint will be analyzed under below.

**2.      Plaintiff Fails to Sufficiently Plead the Elements of IIED (Claim 3)**

**a.      Legal Standard**

To state a claim for IIED under California law, a plaintiff must state facts sufficient to allege: (1) extreme and outrageous conduct by the defendant; (2) the defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering of severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009); *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993).  "'Severe emotional distress' means emotional distress of such substantial quality or enduring quality that no reasonable person in a civilized society should be expected to endure it."  *Hughes*, 46 Cal. 4th at 1051.  Conduct is "extreme and outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Id.* at 1050.  It is insufficient to plead "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."  *Id.* at 1051.

### b. Analysis

Plaintiff's IIED claim is brought only against Defendant Murdock. (Doc. 1 ¶ 46.) Plaintiff pleads simply that Defendant Murdock confronted Plaintiff on December 17, 2019, and "used intimidation through his words and body language" and "used extreme and outrageous conduct to address a legal manner in an accusatory manner in the presence of customers," which "brought emotional distress, anguish, and loss of worth to Plaintiff." (*Id.* ¶¶ 37–38, 46.) These "label and conclusions" are insufficient to bring Plaintiff's right to relief above a speculative level, as required. *See Twombly*, 550 U.S. at 555. Plaintiff must plead additional facts to show exactly what he is alleging Defendant Murdock did and said, and how it caused "emotional distress, anguish, and loss of worth" to Plaintiff. This is required to give Defendant Murdock "fair notice" of Plaintiff's claims and the grounds on which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Because this may be cured by amendment, the Court will allow Plaintiff to amend this claim.

### 3. Plaintiff Fails to Sufficiently Plead Slander (Claim 5)

#### a. Legal Standard

To state a claim for slander, a plaintiff must plead an intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage. *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999). Cal. Civ. Code section 46 provides that slander "is a false and unprivileged publication, orally uttered," which:

> 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;
>
> 2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;
>
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;

13

4. Imputes to him impotence or a want of chastity; or

5. Which, by natural consequence, causes actual damage.

A statement that falls in any of the first four categories in Cal. Civ. Code 46 constitutes slander *per se* and does not require proof of actual damage. *Regalia v. Nethercutt Collection*, 172 Cal.App.4th 361, 367 (2009).

### b. Analysis

Plaintiff's cause of action for slander is brought against Defendant Murdock. (Doc. 1 ¶ 48.) As with Plaintiff's claim for IIED, however, Plaintiff's claim for slander fails to give Defendant Murdock sufficient notice as to what Plaintiff alleges Defendant Murdock said that was false and how it constitutes slander under the standards set forth above. *See Brazil*, 66 F.3d at 199. Plaintiff alleges simply that Defendant Murdock "knowingly and willfully with malice and reckless disregard did slander plaintiff in his place of business" and "falsely and slanderously accus[ed] Plaintiff of doing things to our city[.]" (Doc. 1 ¶¶ 37, 48.) Plaintiff does not specify what those "things" are, and does not sufficiently allege what Defendant Murdock said that was false and how it injured Plaintiff. Plaintiff will be given leave to amend to attempt to include these details.

### 4. Plaintiff Fails to Sufficiently Plead Trespass to Chattels (Claim 6)

### a. Legal Standard

To state a claim for trespass to chattels, the plaintiff must plead that "an intentional interference with the possession of personal property has proximately caused injury." *Intel. Corp. v. Hamidi*, 30 Cal. 4th 1342, 1350–51 (2003). "A trespasser is liable when the trespass diminishes the condition, quality, or value of personal property." *Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1172 (E.D. Cal. 2015) (citing *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1071 (N.D. Cal. 2000)). A defendant who intentionally interferes with the possession of personal property is thus liable "only if his intermeddling is harmful to the possessor's materially valuable

interest in the physical condition, quality, or value of the chattel, or if the possessor is deprived of the use of the chattel for a substantial time, or some other legally protected interest of the possessor is affected[.]" *Jamgotchian v. Slender*, 170 Cal.App.4th 1384, 1401 (2009).

### b.     Analysis

Plaintiff's claim for trespass to chattels is brought against Defendants Mote and City of Oakdale. (Doc. 1 ¶ 49.) Plaintiff alleges simply that Defendants Mote and City of Oakdale sent "threats of criminal prosecution, further fines, and liens" against Plaintiff, which "halted, deterred, suppressed the use of Plaintiff's property to finish and enjoy his own front yard." (*Id.*) Plaintiff has not cited any case authority in support of his claim that enforcement of the city municipal code section at issue constitutes trespass to chattels, and fails to allege sufficient facts regarding how Defendant Mote and Defendant City of Oakdale impaired Plaintiff's ability to "enjoy his own front yard" or proximately caused his injury. (*See id.*) Due to Plaintiff's pro se status, he will be given leave to amend this claim to attempt to cure these deficiencies.

### D.     Plaintiff Cannot State a Claim Under the Hobbs Act (Claim 4)

Plaintiff raises one claim under the Hobbs Act, 18 U.S.C. § 1951. (Doc. 1 ¶ 47.) However, "[t]he Hobbs Act is a criminal statute and does not create a private right of action." *McColm v. Restoration Group, Inc.*, No. CIV S-06-2707 MCE EFB PS, 2007 WL 1470106, at *5 (E.D. Cal. May 18, 2007 (citations omitted). Thus, Plaintiff's claim under the Hobbs Act is dismissed with prejudice.

### E.     Plaintiff Has Not Stated Any Claim Against Defendant Whitemeyer

Finally, Plaintiff names Defendant Whitemeyer in the complaint and includes two paragraphs in the complaint stating that Defendant Whitemeyer visited Plaintiff's home and used "intimidation of speech and tone, claiming there would be no path to win against OAKDALE in court." (Doc. 1 ¶¶ 39–40.) Plaintiff, however, does not name Defendant Whitemeyer in any of his causes of action and fails to allege how any of Defendant Whitemeyer's conduct establishes

15

legal liability under any constitutional or tort theory. (*See id.* ¶¶ 43–51.) Thus, Plaintiff has not sufficiently stated any claim against Defendant Whitemeyer. *See Brazil*, 66 F.3d at 199. Plaintiff will be given leave to amend to clarify which claims are brought against Defendant Whitemeyer. In any amended complaint, Plaintiff must be careful to allege what specific acts Defendant Whitemeyer committed giving rise to liability, and which causes of action Plaintiff is alleging against Defendant Whitemeyer.

## V.   CONCLUSION AND ORDER

Accordingly, IS IT ORDERED:

1.   Defendants' motion to dismiss, (Doc. 4), is GRANTED.

2.   Plaintiff may file an amended complaint, in accordance with the directives in this Order, within 21 days of the date of service of this Order. If Plaintiff does not file an amended complaint within the specified time, leave to amend will be withdrawn and the case will be dismissed without further notice.

3.   Defendants shall respond to the amended complaint, if any, within 21 days of the date of service of the amended complaint.

IT IS SO ORDERED.

Dated:   **July 13, 2020**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE