# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM CONTRERAS,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLINE MOTE, et al.,<br><br>                Defendants. | Case No. 1:20-cv-00366-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>**(Doc. 14)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      On March 10, 2020, Plaintiff filed the complaint in this case against Defendants. (Doc. 1.) On April 30, 2020, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 4.) On July 13, 2020, the Court granted Defendants' motion to dismiss, granted Plaintiff leave to file an amended complaint within 21 days of the date of service of the order, and warned Plaintiff that failure to file an amended complaint would lead to dismissal of the case. (Doc. 20.) Plaintiff failed to file an amended complaint by the deadline and has not responded to the Court's order to date. Due to Plaintiff's pro se status, the ongoing coronavirus (COVID-19) pandemic and associated delays in mailing, the Court will not dismiss the case at this time and will instead direct Plaintiff to show cause why the case should not be dismissed.

      The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Based on the foregoing, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this Order, why this action should not be dismissed for his failure to comply with the Court's July 13, 2020 Order, (Doc. 20), within the specified period of time.** Alternatively, Plaintiff may file an amended complaint. The Court further CAUTIONS Plaintiff that, if he fails to file this statement or an amended complaint within twenty-one (21) days of the date of service of this Order, the Court may dismiss this action in its entirety.

IT IS SO ORDERED.

Dated:   **August 13, 2020**                         /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE