**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM CONTRERAS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLINE MOTE, et al.,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00366-SKO<br><br>**ORDER DISMISSING WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE**<br><br>**(Docs. 20, 22)** |

## I.　　BACKGROUND

On March 10, 2020, Plaintiff filed the complaint in this case against Defendants. (Doc. 1.) On April 30, 2020, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 4.) On July 13, 2020, the Court granted Defendants' motion to dismiss, dismissed Plaintiff's complaint, and granted Plaintiff leave to file an amended complaint within 21 days of the date of service of the Order. (Doc. 20.) The Court warned Plaintiff that if he did not file an amended complaint in accordance with the directives in the order within the specified time, "leave to amend will be withdrawn and the case will be dismissed without further notice." (Doc. 20 at 16.) Plaintiff failed to file an amended complaint by the deadline or otherwise respond to the Court's Order.

Due to Plaintiff's pro se status, the ongoing coronavirus (COVID-19) pandemic and associated delays in mailing, the Court issued an order on August 13, 2020, for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for his failure to comply with the Court's screening order and for failure to state a claim. (Doc. 22.) Plaintiff was warned in both the July 13, 2020 order and the OSC that the failure to comply with the Court's order

would result in dismissal of this action. (*See* Doc 22 at 2. *See also* Doc. 20 at 16.) Plaintiff has not yet filed any response and the deadline to do so has passed.

## II.     DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891–92 (9th Cir. 2019) (holding that dismissal with prejudice under Fed. R. Civ. P. 41(b) is appropriate if the plaintiff fails to comply with a court order requiring him to file an amended complaint); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Rule 41(b)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to plaintiff's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and quotation marks omitted); *see also In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to file an amended complaint, or respond to the OSC, hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. A rebuttable

presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action. *Eisen*, 31 F.3d at 1452-53. There is nothing to suggest that such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on their merits—weighs against dismissal. However, the Court informed Plaintiff that the allegations in the complaint were insufficient to state a legally cognizable claim under 42 U.S.C. § 1983. (Doc. 20 at 7–10). The Court also explained to Plaintiff that in order to proceed with his state law claims, his amended complaint must allege that he complied with the notice requirements of the California Government Claims Act and must plead sufficient facts. (*Id*. at 11–15). It is Plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley Co*., 942 F.2d 648, 652 (9th Cir. 1991). By entirely failing to file an amended complaint as ordered by the Court (*see* Doc. 22), Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with court orders.

The fifth factor—availability of less drastic sanctions—weighs in favor of dismissal. The Court twice-attempted to avoid dismissal: first, when it issued its July 13, 2020 Order, giving Plaintiff an opportunity to amend his complaint and remedy the deficiencies therein; and second, when it issued the OSC directing Plaintiff to show cause why the case should not be dismissed. As of the date of this Order, Plaintiff has neither filed an amended complaint as required by the Court's July 13, 2020 Order, nor responded to the OSC.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders is appropriate in this case. Such a dismissal, however, should not be entered unless the plaintiff has been notified that dismissal is imminent. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, Plaintiff was twice cautioned about the possibility of dismissal—in the Court's July 13, 2020 Order and in the OSC. (*See* Docs. 20, 22.)

### III.   ORDER

Based on the foregoing, this case is DISMISSED with prejudice for failure to prosecute and for failure to obey the Court's orders. The Clerk of Court is directed to enter judgment and to close

1 this case.

3 IT IS SO ORDERED.

4 Dated: **September 16, 2020**               /s/ *Sheila K. Oberto*
5                                                                    UNITED STATES MAGISTRATE JUDGE

4